# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LAWRENCE V. WILDER, SR.,
        Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
        Agency.

DOCKET NUMBERS
PH-844E-08-0524-I-6
PH-1221-08-0452-W-6

DATE: September 21, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Lawrence V. Wilder, Sr., Wilmington, North Carolina, pro se.

James Williams, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his joined appeals without prejudice to refiling. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Pursuant to the appellant's request, the administrative judge dismissed his joined appeals without prejudice to subsequent refiling, for the second time, in order to afford the appellant with a final opportunity to obtain representation in this matter. Initial Appeal File (IAF), Tab 6, Initial Decision (ID) at 1. The administrative judge also ordered the joined appeals automatically refiled 180 days from the date of his May 26, 2015 initial decision or on November 23, 2015. ID at 4 The administrative judge noted that, on February 15, 2014, the appellant requested assistance with obtaining representation by counsel in his disability retirement appeal, citing the procedures set forth in *French v. Office of Personnel Management*, 37 M.S.P.R. 496, 499 (1988). ID at 1. The administrative judge also noted that he granted the appellant's request, contacted all known practicing attorneys in the Board's database within 75 miles of the appellant's residence, and provided him with a list of pro bono options. ID at 1-4.

¶3 The appellant filed a petition for review of the initial decision arguing, among other things, that the administrative judge lied and failed to help him retain counsel. Petition for Review (PFR) File, Tab 1 at 2. The appellant also

discusses his extensive history before the Board and other agencies. In addition, he raises many other allegations, all of which we have reviewed, but we find that they do not address the dismissal without prejudice in the underlying action. *Id*. at 2-5.

¶4 A dismissal without prejudice is a procedural option left to the sound discretion of the administrative judge. *See Keene v. Department of the Interior*, 47 M.S.P.R. 41, 44 (1991). On review, the appellant does not specifically assert that the administrative judge erred in dismissing his appeal without prejudice to refiling. Moreover, the appellant requested the dismissal without prejudice, and, apparently, he still is having difficulty finding pro bono representation before the automatic refiling of his joined appeals on November 23, 2015. IAF, Tab 5; PFR File, Tab 1 at 2. We therefore find that the administrative judge did not abuse his discretion by dismissing these appeals without prejudice to refiling, to afford the appellant another opportunity to obtain representation in these joined matters. *See Goode v. Department of the Air Force*, 91 M.S.P.R. 198, ¶ 5 (2002).

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS IN**
**MSPB DOCKET NO. PH-844E-08-0524-I-6**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory

deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS IN
### MSPB DOCKET NO. PH-1221-08-0452-W-6

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                     _____
                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.